UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS REGER,<br><br>    Plaintiff,<br><br> v.<br><br>CENTURY NATIONAL INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 2:22-CV-1126-DWC<br><br>ORDER GRANTING MOTION TO REMAND |

  Presently before the Court is Plaintiff Thomas Reger's Motion to Remand. Dkt. 7.[1] The Court concludes Defendant Century National Insurance Company did not timely remove this action. Therefore, the Motion to Remand (Dkt. 7) is granted-in-part and denied-in-part as follows: This matter is remanded to the King County Superior Court and Defendant is directed to pay Plaintiff $4,900.00 in attorney fees and costs. The Court, however, denies Plaintiff's request for Rule 11 sanctions.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8 (no lack of consent forms provided to the Court by the deadline).

ORDER GRANTING MOTION TO REMAND - 1

**I.  Background**

In the Complaint, Plaintiff alleges Defendant is liable for conduct arising from an insurance claim following a theft of Plaintiff's property. *See* Dkt. 1-1. Plaintiff requested the Washington State Office of Insurance Commissioner ("Commissioner") serve Defendant and, on July 8, 2022, the Commissioner accepted service of process in this matter. Dkt. 1-3 at 3. The Commissioner served Defendant's designated recipient, Corporation Service Company ("CSC"), on July 12, 2022. *Id*. at 2. CSC provided notice of service of process to Defendant on July 18, 2022. *Id*.

Plaintiff filed this lawsuit in the King County Superior Court – a Washington State court – on August 9, 2022. Dkt. 1-1. On August 12, 2022, Defendant removed this action to this Court under the theory of diversity jurisdiction. Dkt. 1.

Plaintiff filed the Motion to Remand on September 9, 2022, alleging Defendant did not timely remove this action to federal court. Dkt. 7. Plaintiff seeks remand to the state court and requests attorney fees and sanctions. *Id*. Defendant filed a Response to the Motion to Remand with supporting evidence and, on October 6, 2022, Plaintiff filed his Reply. Dkts. 11-13, 15, 16.

**II.  Remand to State Court**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The federal removal statute provides, in relevant part, that "[a] notice of removal must be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446. The 30-day period begins to run when a party receives formal service of process. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355 (1999). A plaintiff

can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042.

Plaintiff asserts Defendant was served, through its designated recipient CSC, on July 12, 2022. Dkt. 7. Therefore, the notice of removal was required to be filed on or before August 11, 2022. *Id*. Despite initial assertions that it was served on July 12, 2022, Dkt. 1, Defendant now contends that it did not have possession of the service documents until July 18, 2022, when CSC provided notice of service to Defendant. *See* Dkts. 6, 11.

Under Washington law, "[e]ach authorized foreign or alien insurer must appoint the [C]ommissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state." RCW 48.05.200(1). "[T]he insurer must designate by name, email address, and address the person to whom the [C]ommissioner must forward legal process so served upon him or her." *Id*. at (2). Once the Commissioner is served, it "must send or make available a copy of the process to the person on whose behalf he or she has been served by mail. . . ." RCW 48.02.200. The thirty-day deadline for removal begins to run once the insurer receives the summons and complaint from the Commissioner. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1129-30 (9th Cir. 2019).

Relying on *Anderson*, Defendant asserts it was not served until July 18, 2022, the date CSC provided notice of service to Defendant. Dkt. 11; *see also* Dkt. 13, Hall Dec. In *Anderson* the Ninth Circuit explained,

> Because State Farm is an out-of-state (or "foreign") insurer, state law designates Washington's Insurance Commissioner as State Farm's statutory agent. RCW 48.05.200(1). To serve legal process on State Farm, the [Plaintiff] served the Commissioner, who forwarded the complaint to State Farm's designated recipient. RCW 4.28.080(7)(a), 48.05.200(1)–(2).

917 F.3d at 1127–28. The court found State Farm was served when its "designated recipient" received the forwarded complaint from the Commissioner. *See id*. at 1128. The Ninth Circuit distinguished a statutory agent—an agent designated by the state legislature—from a registered agent, concluding a defendant clearly is served when its registered agent is served because defendants have "meaningful say in [and] control over" their registered agents. *Id*. at 1128 (stating that "an agent designated by the state legislature to receive service fundamentally differs from a defendant's agent-in-fact, because the defendant has no meaningful say in or control over the former").

Defendant, a foreign insurance company, does not dispute CSC is its "designated recipient." Defendant also does not dispute that CSC was served by the Commissioner on July 12, 2022. As such, the Court finds Defendant was served when CSC received a copy of the summons and complaint from the Commissioner. *See Anderson*, 917 F.3d at 1127–28; *Capstone Training LLC v. Am. Fam. Ins. Co.*, 2020 WL 6700577, at *1 (W.D. Wash. Nov. 13, 2020) (finding the time for removal began to run when CSC – the designated recipient -- received a copy of the summons and complaint from the Commissioner); *Ebert v. Travelers Indem. Co.*, No. C13-1268JLR, 2013 WL 4827854, at *1 (W.D. Wash. Sept. 10, 2013) (finding Traveler's received a copy of the summons and complaint the date CSC –the designated recipient -- received the summons and complaint from the Commissioner).

The Commissioner served CSC with a copy of the summons and complaint on July 12, 2022. Therefore, Defendant had until August 11, 2022 to file the notice of removal. Defendant did not file the notice of removal until August 12, 2022 – one day late. Accordingly, the notice of removal was not timely filed and this case is remanded to state court.

### III.  Attorney Fees

Plaintiff contends Defendant did not have an objectively reasonable basis for seeking removal in this case and requests attorney fees and costs. Dkt. 7.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard does not turn on whether removal was improper, but on the reasonableness of removal. *Id.* at 137, 141. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Fed. Home Loan Mortg. Corp. v. Lettenmaier*, 2011 WL 1297960, at *1 (D. Or. Apr. 5, 2011) (citing *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008)). The appropriate inquiry is "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." *Lussier*, 518 F.3d at 1066.

In this case, the Court finds the *Anderson* case and several district court cases foreclose the basis on which Defendant relies for asserting *timely* removal. Therefore, attorney fees and costs are warranted and Defendant is directed to pay Plaintiff $4,900.00 in attorney fees and costs.

### IV.  Rule 11 Sanctions

Plaintiff also requests Rule 11 sanctions. Dkt. 7.

An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2).

*Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). "The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been

filed for an improper purpose." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990). A district court is vested with discretion on whether to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L.Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Moreover, under Rule 11(c)(2), a "motion for sanctions must be made separately from any other motion[.]"

Here, Plaintiff included the request for Rule 11 sanctions in his Motion to Remand. *See* Dkt. 7. This is not proper and warrants denial. In considering sanctions, the Court recognizes that Defendant stated it was served on July 12, 2022 in the Notice of Removal and then filed an Amended Notice of Removal stating it "received" the summons and complaint on July 18, 2022. *See* Dkts. 1, 6. Defendant's amended wording regarding the service date is concerning, especially in light of the case law. However, evidence of Defendant's intent to deceive the Court is limited. Furthermore, while the Court finds Defendant's position is not supported by the law, the Court does not find the record shows this action was removed for an improper purpose. Therefore, the Court denies Plaintiff's request for Rule 11 sanctions.

### V.    Conclusion

For the above stated reasons, the Court finds Defendant failed to timely remove this action to federal court. Therefore, the Motion to Remand (Dkt. 7) is granted-in-part and denied-in-part as follows:

- This case is remanded to the King County Superior Court;
- Defendant is directed to pay Plaintiff $4,900.00 in attorney fees and costs on or before December 16, 2022; and

1     • Plaintiff's request for Rule 11 sanctions is denied.

2   The Clerk is directed to remand this case in accordance with the Local Civil Rules.

3   Dated this 16th day of November, 2022.

_David W. Christel_
United States Magistrate Judge

ORDER GRANTING MOTION TO REMAND - 7